## ALEXANDER MURRAY v. ALLEN McLANE.

Circuit Court of the United States. New Castle. June, 1815.

*Clayton's Notebook, 47.*

The *Superior* sailed from England for Philadelphia before hearing of the declaration of war [and] arrived in Delaware Bay. McLane, the Collector of Customs for the port of Wilmington, heard of it on August 24, 1812. On [the] 25th, [the] *Superior* was boarded by one of the gunboats belonging to plaintiff Murray, and a prize master put on board who, however, neglected to get possession of her papers. A few hours after, she was boarded by one of defendant's officers who got the papers from the master. Murray and McLane disputed about the possession of her—latter compelled to leave her in Murray's hands. The District Attorney, *Mr. Read,* advised McLane to replevy her, but before he could she was out of the district. *Bayard, Rodney* and *Read,* counsel, advised that Murray was liable to McLane for her forthcoming. McLane therefore commenced action against Murray of trover, and a *capias* issued against Murray, having an indorsement directing the marshal to take bail in $1,200,000, on which Murray was imprisoned. Ten or eleven days after, Murray obtained a rule on McLane to show cause before Justice Fisher why he should not be discharged on filing common bail, and no cause being shown, the rule was made absolute. At the next term, a rule *nisi* for striking the cause off the docket was made absolute without opposition. The *Superior* was discharged from them both, [by an] Act [of] Congress, January 2, 1813.

PER CURIAM. Plaintiff must prove that the original action was instituted maliciously and without reasonable or probable cause. Malice is either express or implied. Malice may be implied from want of probable cause, not want of probable cause from malice.

1. Malice is matter of fact for the jury.

2. But the question of probable cause is a mixed question of law and fact. Whether the facts to show it probable are true is matter of fact, but whether, supposing them true, they

amount to probable cause, is a question of law to be decided by the Court.

3. Whether the bail was excessive depended on the law and practice of Delaware. In Maryland, no man can be held to bail in an action for the small sum of $50 without an affidavit. But in Delaware, I understand the rule as proved to be different, and that a man may be required without affidavit to give bail in the first instance to any amount according to the value of the thing in contest. He may be afterwards exonerated, on application to a judge or justice for a rule on the plaintiff to show cause why he shall not be discharged on filing common bail; and it also appears that the practice is to require bail in double the amount of the value of the demand. In this case the $1,200,000 were not more than double the value of the *Superior* and her cargo.

Now with regard to the question of probable cause: before the war the Collector had the exclusive right of boarding. Now Murray has a right to board a vessel to inquire whether she be prize of war. Was this vessel such? Murray had a right to inquire certainly, but the Court think that after the commander of the revenue cutter had boarded and taken the papers, he was, in construction of law, in possession of the vessel, and that she ought to have been delivered up by the officer of the flotilla, whose carrying her out of the district was, as I conceive, wrongful.

Plaintiff contended that as the vessel was trading with and from an enemy the seizure by Murray or his officers was as prize of war, and cited Doug. 615, 617, 1 Rob.Adm. 165, 1 Term 84 and 549. But the *Superior* was not captured on the high seas trading with the enemy. Seizures of vessels within the waters of United States for violation of the Non-Intercourse Act are considered as properly belonging to the revenue officers, as may be inferred, from the instructions of the executive to Murray afterwards, to have been the opinion of government and the many departments.

Now after seizure by the Collector, the vessel and cargo are at his risk. Hence [the] Court think there was probable cause, if these are the facts; especially as the eminent counsel, the District Attorney, advised the suit.

The jury returned in about ten minutes with verdict for defendant.